**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARCOS TRUJILLO
a/k/a MARCUS TRUJILLO,

        Plaintiff,

        v.                                                                                             Civ. No. 20-792 SCY/JHR

CENTRAL NEW MEXICO CORRECTIONAL
FACILITY, WARDEN KEN SMITH, JOHN
DOE/JANE DOE CORRECTIONS OFFICERS,
THE GEO GROUP, INC., and NEW MEXICO
CORRECTIONS DEPARTMENT,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**[1]

In this lawsuit, Plaintiff alleges that he was released from prison five months later than he should have been. He brings federal constitutional claims as well as a variety of state-law claims such as negligence, assault, and battery. As Defendants, Plaintiff names Central New Mexico Correctional Facility, Warden Ken Smith, John Doe/Jane Doe Corrections Officers, and New Mexico Corrections Department. Defendants move to dismiss all the claims in Plaintiff's complaint, arguing (among other things) that Plaintiff fails to state a claim against Warden Smith individually, and that Central New Mexico Correctional Facility and New Mexico Corrections Department are not "persons" for purposes of 42 U.S.C. § 1983.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 8, 10, 15.

The Court holds that the complaint fails to allege individual conduct on the part of Warden Smith sufficient to state a claim under § 1983 and that Plaintiff's federal constitutional claims cannot be brought against the Defendant entities because the entities are not "persons" for the purposes of § 1983. The Court therefore grants in part Defendants' Motion to Dismiss (Doc. 7). Having dismissed Plaintiff's federal claims, the Court would normally decline jurisdiction over Plaintiff's state-law claims and remand the case to state court. However, the Court grants Plaintiff leave to file an amended complaint in order to attempt to satisfy federal pleading standards. Therefore, the Court denies the balance of the Motion to Dismiss as moot.

## BACKGROUND

Plaintiff originally filed his complaint in state court on June 11, 2020. Doc. 1-2. In the complaint, Plaintiff alleges he was incarcerated at Central New Mexico Correctional Facility until June 12, 2018. Doc. 1-2 ¶ 1. Ken Smith was the warden of the facility at all relevant times. *Id.* ¶ 4. The New Mexico Corrections Department is a state agency that operates prisons in New Mexico. *Id.* ¶ 7. Pursuant to a contract with the Corrections Department, Defendant GEO Group[2] operated the Central New Mexico Correctional Facility at all relevant times. *Id.* ¶ 13. Count 1 of the Complaint alleges "false imprisonment and or failure to timely discharge." *Id.* at 4. Plaintiff alleges he did not get the credit for pre-sentence confinement he was entitled to, resulting in a release date of June 12, 2018. *Id.* ¶¶ 23-27. Plaintiff asserts he should have been released on January 16, 2018. *Id.* ¶ 27.

---

[2] On August 27, the parties stipulated to the dismissal of Defendant GEO Group Inc. Doc. 14. Count 6 of the complaint is directed against Defendant GEO Group only and is thus not discussed in this Memorandum. The use of "Defendants" in this Memorandum refers to Defendants Central New Mexico Correctional Facility, New Mexico Corrections Department, and Ken Smith.

In Count 2, Plaintiff brings claims for assault and battery. According to the complaint, Plaintiff was at home, having been released from prison, when "Officers (believed to be SWAT), arrived at Plaintiff's house and threw Plaintiff to the ground and handcuffed him." *Id.* ¶ 32. "Mr. Trujillo believes there were several officers present from DOC." *Id.* ¶ 35. "When Plaintiff asked why he was being detained and what was going on, he was told there were allegations of a person down the road discharging a weapon." *Id.* ¶ 36.

Counts 3 and 4 bring claims for negligence and negligence per se. *Id.* at 6-8. Plaintiff alleges that Defendants were negligent in "fail[ing] to provide Plaintiff with [the] adequate standard of care and duty owed to inmates in New Mexico." *Id.* ¶ 47. The complaint then lists the ways in which Defendants were allegedly negligent: intentional infliction of emotional distress[3]; "[c]hoosing not to perform background checks, or performing inadequate background checks, and making inadequate efforts to contact prior employers before hiring staff members"; and "[c]hoosing not to conduct training, or to conduct inadequate training regarding supervision of released inmates." *Id.* ¶ 53. Count 5 brings a negligent hiring, training, and supervision claim. *Id.* at 8. The complaint alleges that Defendants failed to properly and timely release Plaintiff from custody, failed to appropriately supervise Plaintiff upon his release from custody, and failed to properly manage and monitor released inmates. *Id.* ¶ 58.

Count 7 brings a conditions-of-confinement claim under the Eighth and Fourteenth Amendments. *Id.* at 11-13. It alleges that Defendants had a policy and practice of inadequate training, failing to encourage reporting of suspicious activity, and failing to adequately investigate and address Plaintiff's and other inmate's complaints. *Id.* ¶ 78. Plaintiff alleges that

---

[3] There is no explanation of why allegations of intentional conduct are included in a count for negligence.

3

Defendants continued to harass him after he was released. Victor Turner, a canine officer for STIU[4] Corrections department, along with two other unknown corrections officers, showed up to Plaintiff's place of employment at Mister Car Wash and searched Plaintiff's locker and backpack. *Id.* ¶ 80.

Count 8 brings a cruel-and-unusual-punishment claim under the Eighth and Fourteenth Amendments. *Id.* at 13-14. This count alleges that Defendants failed to provide adequate supervision, *id.* ¶ 87, and were deliberately indifferent to Plaintiff's harm, *id.* ¶¶ 90-92. Count 9 is titled "damages" and alleges that "Defendants failed to [provide] Plaintiff with adequate services while in custody to ensure he was timely released, and inadequate supervision upon his release" and caused Plaintiff damages. *Id.* ¶¶ 96-98.

On August 6, 2020, Defendants removed the case to federal court, asserting federal-question jurisdiction and supplemental jurisdiction. Doc. 1. On August 10, Defendants filed the present motion to dismiss, arguing that the complaint fails to state a claim and the action should be dismissed. Doc. 7. Plaintiff filed a response in opposition on August 24, Doc. 9, and Defendants filed a reply on September 8, Doc. 16. With leave of Court, Doc. 20, Plaintiff filed a surreply on October 8, Doc. 25. Briefing is complete and the motion is ready for decision.

## STANDARD OF REVIEW

Defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). Doc. 7 at 1. Plaintiff argues the motion is untimely and should have been filed as a motion for judgment on the pleadings under Rule 12(c). Doc. 9 at 2. Because Defendants filed an answer to the complaint, Doc. 5, Plaintiff is correct that a Rule 12(c) motion is appropriate rather than a

---

[4] This acronym is not explained, and no further reference to it or Victor Turner (who is not a named defendant) is made in the complaint.

4

motion to dismiss under Rule 12(b)(6). Rule 12(c) permits a litigant to file a motion for judgment on the pleadings after the pleadings have closed; that is, after the filing of the complaint and answer. The Court will construe Defendants' motion to dismiss as a motion for judgment on the pleadings because the difference is immaterial. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint does not require detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A court considering a challenge under Rule 12(b)(6) may proceed according to a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For purposes of this second prong, the Court "accept[s] the well-pled factual allegations in the complaint as true, resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s]

whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal citations and quotation marks omitted). "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). The court's consideration, therefore, is limited to determining whether the complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *See Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Nor is the Court required to accept as true legal conclusions that are masquerading as factual allegations. *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000). The Court must, however, view a plaintiff's allegations in the light most favorable to him. *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013).

## DISCUSSION

Defendants move to dismiss all claims against Warden Ken Smith for failure to state a claim (Doc. 7 at 3-4), and the federal claims in Counts 7 and 8 because the defendants are not "persons" subject to suit under § 1983 (*id.* at 8-9). The Court grants the Defendants' motion to dismiss all federal claims, and holds in reserve the decision of whether to exercise supplemental jurisdiction over Plaintiff's state-law claims.

### I.     The Court Dismisses All Claims Against Warden Ken Smith.

Plaintiff brings claims against Warden Ken Smith under 42 U.S.C. § 1983.[5] Defendants move to dismiss these claims because the Complaint fails to allege any specific, individual

---

[5] Plaintiff acknowledges that the New Mexico Supreme Court has held that wardens are not law enforcement officers for the purpose of the New Mexico Tort Claims Act. Doc. 9 at 4 (citing

conduct on his part. Instead, the Complaint groups him generically with all "defendants" and makes collective allegations against the group.[6]

Defendants are correct that the Complaint is insufficient to state a claim against Warden Smith under § 1983. "[A] complaint [must] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The only allegation in Plaintiff's complaint pertaining to Warden Smith individually is that "Defendant Warden Smith was responsible for oversight of Central New Mexico Correctional Facility, including providing proper management and oversight and developing appropriate formal and informal policies, procedures and inmate safety protections within the facility." Doc. 1-2 ¶ 14. In response to Defendants' Motion for Summary Judgment, Plaintiff does not argue that the claims are brought directly against Defendant Warden Smith for his own alleged conduct. Instead, Plaintiff states that the claims against Warden Smith are "respondeat superior" claims for the negligence of Plaintiff's caseworker, an individual named Angel Salazar, who is not named as a defendant in this case. Doc. 9 at 3-4.

Under controlling precedent, Plaintiff's legal theory is not viable. "[Section] 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior." *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010) (internal quotation

---

*Anchondo v. Corrections Dep't*, 1983-NMA-051, 100 N.M. 108). Therefore, Plaintiff clarifies that the claims against Warden Smith are all brought under § 1983. Doc. 9 at 5.

[6] As a result of the lack of individual allegations, Defendants construe the complaint as stating a claim against Warden Smith in his official capacity, which is another way of bringing claims against the State. Doc. 7 at 4. In his response, Plaintiff does not clarify whether the claims are brought against Warden Smith in an official or an individual capacity, but makes arguments as to his individual liability. Doc. 9 at 3-5. The Court therefore assumes Plaintiff intends to bring claims against Warden Smith individually.

marks omitted). "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

There are no allegations in the complaint that satisfy this supervisory-liability test. There are no allegations establishing Warden Smith's personal role in promulgating, creating, implementing, or being responsible for a custom or policy that led to Plaintiff's injuries. *E.g.*, Doc. 1-2 ¶¶ 64-65, 77-78, 83 (describing policies and customs of "Defendants"). And, the allegations pertaining to Warden Smith's state of mind are the exact type of conclusory allegations that fail to state a claim of unconstitutional conduct under *Ashcroft v. Iqbal*. *E.g.*, Doc. 1-2 ¶¶ 83 ("Defendants promulgated, created, implemented or processed responsibility for the continued operation of a policy that caused the Plaintiff constitutional harm, and acted with reckless disregard for the rights of Plaintiff as secured by the Constitution."); *see also id.* ¶¶ 17, 79, 81, 90-94 (further conclusory allegations as to Defendants' various states of mind); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (the allegation that defendants "'knew of, condoned, and willfully and maliciously agreed to subject [plaintiff]' to harsh conditions of confinement 'as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest'" are "bare assertions" that "amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim," and "[a]s such, the allegations are conclusory and not entitled to be assumed true" (internal alterations and some quotation marks omitted)).

The complaint fails to state a claim against Warden Smith for supervisory liability under § 1983. As a result, the Court grants the motion to dismiss all claims against Warden Smith.

## II. The Court Dismisses the Federal Constitutional Claims Against the Defendant Entities.

Counts 7 and 8 bring constitutional claims pursuant to 42 U.S.C. § 1983. Defendants argue that no defendant other than Warden Smith is a "person" under § 1983, and thus these claims are not cognizable against any other defendants. Doc. 7 at 8-9.

In response, Plaintiff argues that the claims should remain against Warden Smith and unidentified "STIU officers." Doc. 9 at 11. The Court has found that the Complaint lacks individual allegations against Warden Smith and so has already dismissed all claims against him. In addition, the "STIU officers" are not named defendants. If Plaintiff wishes to sue individual correctional officers, he must name them in his complaint. Fed. R. Civ. P. 10(a). While the complaint identifies "John Doe/Jane Doe Corrections Officers" as defendants, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F .2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982). Plaintiff must amend the complaint to add additional parties, such as individual correctional officers, to this lawsuit.

In sum, the complaint fails to state a claim against Warden Smith, and the complaint names no other "persons" as defendants who are subject to suit under § 1983. The Court therefore dismisses Counts 7 and 8.

## III. Pendant Jurisdiction

Defendants also move to dismiss the state-law claims for false imprisonment, assault and battery, negligence, negligence per se, and negligent hiring, training, and supervision. Doc. 7 at 4-8. The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. *See*

Doc. 1 (Notice of Removal alleging federal-question jurisdiction and supplemental jurisdiction over state-law claims). Nonetheless, the Court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Tenth Circuit has indicated that "[w]hen all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (emphasis added).

Accordingly, the Court prefers to take up the issue of the sufficiency of Plaintiff's state law claims only if Plaintiff can assert viable federal claims. Defendants may re-assert their arguments for dismissal of the state-law claims if Plaintiff files an Amended Complaint.

## IV. Leave to File an Amended Complaint

Echoing the language of the Federal Rules, New Mexico's Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." NMRA 1-008(A)(2). New Mexico, however, has declined to follow the United States Supreme Court's interpretation of Federal Rule 8, as articulated in *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. Instead, New Mexico has criticized it: "The plausibility standard created by the two U.S. Supreme Court cases adds a determination of likelihood of success on the merits so that a trial judge can dismiss a claim, even where the law does provide a remedy, if that judge does not believe it is plausible the claim will succeed." *Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 17, 283 P.3d 871, 876. Thus, a party filing in New Mexico state district court should not expect to have to comply with the federal standard.

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint as of right only within 21 days after serving it or 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But "[t]he court should freely give

leave when justice so requires." *Id.* The Court agrees that, due to the difference between the standards articulated by New Mexico and the U.S. Supreme Court, a plaintiff whose suit is removed from state court to federal court should generally be permitted to amend the complaint if it is determined not to comply with *Twombly* and *Iqbal*.

Accordingly, the Court will allow Plaintiff 21 days to file an amended complaint. Because of the differing pleading standards in federal and state court, the Court will allow Plaintiff to amend all aspects of his complaint.[7] If Plaintiff does not file an amended complaint, the Court will issue an order declining supplemental jurisdiction over the balance of the claims in this case and remanding the case to state court.

## **CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss (Doc. 7). The motion is granted in that all claims against Warden Ken Smith are DISMISSED and all claims in Counts 6 and 7 are DISMISSED. The remainder of Defendants' Motion to Dismiss is DENIED AS MOOT in light of the direction to Plaintiff to file an amended complaint within 21 days.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[7] For example, Defendants moved to dismiss Count 2 because the complaint contains no assertions that Corrections Department employees assaulted or battered Plaintiff. Doc. 7 at 6. In his response, Plaintiff indicates "[t]he Complaint may have alleged a SAWT [sic] team, however the Plaintiff is sure it was members of STIU." Doc. 9 at 9. Plaintiff is advised to include all pertinent allegations in the amended complaint, rather than in a response to a motion to dismiss the complaint.