IN THE UNITED STATE DISTRCIT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCOS TRUJILLO
a/k/a MARCUS TRUJILLO
    Plaintiff,

vs.                                         No. 20-792-SCY/JFR

CENTRAL NEW MEXICO CORRECTIONAL
FACILITY,
NEW MEXICO CORRECTIONS DEPARTMENT,
CORRECTIONS OFFICERS/EMPOLYEES ANGEL SALAZAR,
SAMUEL LUJAN, CRAIG COAL, and VICTOR TURNER,
    Defendants.

## PLAINTIFF'S AMENDED COMPLAINT FOR
## FALSE IMPRISONMENT AND/OR FAILURE TO TIMELY DISCHARGE,
## ASSAULT & BATTERY, NEGLIGENCE,
## NEGLIGENT HIRING, TRAINING SUPERVISION & RETENTION,
## AND PERSONL INJURY DAMAGES

**COMES NOW** Plaintiff, Marcos Trujillo, by and through his attorneys **TRUJILLO DODD, TORRES, O'BRIEN, SANCHEZ, LLC.** (Donna Trujillo Dodd, Esq.), and brings this Amended Complaint against Defendants as follows:

### JURISDICTION

1. Plaintiff was a resident of the Central New Mexico Correctional Facility (CNMCF), as an incarcerated inmate at the correctional facility in New Mexico. He was sent to CNMCF for his last sentence until his release on or about June 12, 2018.

2. Plaintiff provided his own inmate grievances and exhausted inmate administrative claims and procedures prior to filing this lawsuit.

3. The Central New Mexico Correctional Facility is located in Los Lunas, Valencia County, New Mexico and is a regional correctional facility, in the business of housing inmates in New Mexico.

4. The New Mexico Corrections Department (NMCD) is a state agency of New Mexico, in the business of operating prisons in New Mexico.  The Department also monitors inmates released from the DOC and under parole and or probation.

5. Defendant CNMCF and NMCD Corrections Officers/Employees Angel Salazar, Samuel Lujan, Craig Coal,  and Victor Turner are upon information and belief, residents of New Mexico at all times relevant herein, and employed by the CNMCF and or NMCD.   Upon information and belief, Defendant NMCD hired said employees.

6. All Defendants acted within the scope of their employment and intended business operation.

7. All of the material acts and omissions in this complaint occurred in the State of New Mexico.

8. The law applicable to this case is law of the State of New Mexico and applicable federal law under the United States Constitution.

9. This Court has jurisdiction over the parties and subject matter herein.

10. Venue is proper in this Court as Plaintiff was a resident of the Central New Mexico Correctional Facility at the time of the events, and not only his State but also his Fourth Amendment, Eighth Amendment, Fifth and Fourteenth Amendments rights under the United States Constitution were violated by the Defendants herein[1] giving rise to a federal question and

---

[1] Although a statutory basis is necessary for federal courts to exercise jurisdiction over a controversy, "it is well established -- in certain classes of cases -- that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. at 552.

The term "supplemental jurisdiction" is now used to refer collectively to the common-law doctrines of ancillary jurisdiction, pendent jurisdiction, and pendant-party jurisdiction. 28 U.S.C. § 1367, statutorily codifying *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)(outlining the doctrine of ancillary jurisdiction), and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)(outlining the doctrine of

or supplemental jurisdiction.

## GENERAL ALLEGATIONS TO ALL DEFENDANTS

11. Plaintiff hereby incorporates paragraphs 1-10 herein.

12. At all times pertinent to this complaint, Plaintiff was in and under the direct and continuous custody, control, and supervision of CNMCF while in custody, and when released, by the NMCD thereafter.

13. Once released from parole and probation the NMCD Officers continued to violate Plaintiff's Constitutional rights.

14. Plaintiff was subject to the prison inmate administrative process for complaints, and completed the inmate administrative claim and appeal procedure prior to filing this lawsuit.

15. The CNMCF is a regional correctional facility, in the business of housing inmates in New Mexico, and housed Plaintiff while he was in custody.

16. The NMCD and its Corrections Officers monitor inmates released from the Department of Corrections (DOC) and under parole and or probation.

17. At all times pertinent hereto, Defendants on acted with deliberate and indifferent regard to the reality of Plaintiff's rights as an inmate, and after he was released from prison. Said violations of state and federal law proximately caused Plaintiff harm.

**COUNT 1 FALSE IMPRISONMENT AND OR FAILURE TO TIMELY DISCHARGE IN VIOLATION OF PLAINTIFF'S STATE AND US CONSTITUTUION RIGHTS**

18. Plaintiff hereby incorporates paragraphs 1-17 herein.

---

pendent jurisdiction). Supplemental jurisdiction gives federal courts the flexibility to hear a cause of action after the introduction of third parties whose insertion into the litigation lacks support of any independent grounds for federal jurisdiction, when those parties share a common interest in the outcome of the litigation and are logical participants in it. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. at 375 n.18.

19. Upon information and belief Plaintiff was in the CNMCF on his most recent sentencing case, cause No. D-202-CR-2017-03341.

20. Plaintiff took a plea in cause No. D-202-CR-2017-03341 on December 21, 2017.

21. The Judgment, Sentence and Partially Suspended Sentence, Commitment to the NM Department of Corrections ordered Plaintiff to 18 months with 10 months suspended for an actual term of incarceration of 8 months, with pre-sentence confinement in the amount of 218 days awarded "as of this date." The Judgment was approved by Plaintiff's counsel on December 22, 2017.

22. The Judgment, Sentence and Partially Suspended Sentence, Commitment to the NM Department of Corrections was filed on January 5, 2018.

23. A second Judgment, (with case numbers to run the sentences concurrent), was filed on May 11, 2018. It was approved by Plaintiff's counsel on May 10, 2018.

24. Based upon the Plea, Plaintiff should have been released on or about June 21, 2018, NOT INCLUDING his pre-sentence credit of 218 which calculates his release time to actually be 26 days remaining from December 21, 2017. That does not include any good time he would have been awarded.

25. Plaintiff should have been released on or about January 16, 2018. Plaintiff remained in custody until on or about June 12, 2018. As such, Plaintiff was falsely imprisoned during this time in solitary confinement and or segregation and not allowed his basic privileges.

26. Plaintiff's false imprisonment violated state laws and amounted to an unreasonable seizure causing him personal harm. This unreasonable seizure also violated his Fourth Amendment rights under the United States Constitution.

27. The CNMCF illegally held Plaintiff past his confinement period without due regard to his due process rights in violation of Plaintiff's Fifth and Fourteen Amendment rights.

28. Corrections Officer/Employee Angel Salazar was Plaintiff's case worker. Although employed by CNMCF to, among other tasks, work on inmate cases, she never responded to Plaintiff's requests, and did not report or communicate with the records coordinator regarding good time and release date. Her errors and omissions caused Plaintiff to remain in custody passed his release date and suffer in solitary confinement.

29. Corrections Officer/Employee Samuel Lujan was the Acting Records Coordinator. Among his employment tasks were to prepare good time figuring sheets. Mr. Lujan reported to Plaintiff he had 45 days of good time, then failed to advocate and timely secure Plaintiff's release.

30. Corrections Officer/Employee Craig Coal was the Acting Unit Manager. He refused to respond to Plaintiff's wife's phone calls or concerns about Plaintiff's release date. When contact was made, Coal indicated Plaintiff and his wife would need to get in contact with his case worker, Salazar, who never responded either. Coal did not fulfil the requirements of acting manager and the needs of inmates, namely Plaintiff.

31. CNMCF's actions, including the Corrections Officers/Employees named above, in seizing and illegally holding Plaintiff past his confinement period also amounted to cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights.

32. Plaintiff sent a Tort Claims Letter to all interested parties on August 8, 2018. He also exhausted his grievance procedures while in custody.

## COUNT 2 DEFENDANT NMCD AND NMCD OFFICERS ASSAULT AND BATTERYAGAINST PLAINTIFF

33.  Plaintiff hereby incorporates paragraphs 1-32 herein.

34.  Upon information and belief, Defendant had been released from DOC on or about June 12, 2018.  He was on parole for approximately 20 days, then released.

35.  On or about September 23, 2019, Plaintiff Marcus Trujillo had just returned to his house with his wife, Cynthia Trujillo and good family friend Josette Chavez, who was temporarily staying with them.  As Plaintiff was moving Josette's belongings into the house, he noticed a strange vehicle passing his house very slowly then take off aggressively at a high rate of speed.  As the vehicle continued to do so, Plaintiff yelled out to the Driver to slow down, at which time the Driver begin to back up, then left abruptly.   The Driver is alleged to have made allegations of an assault against Plaintiff.

36.  Minutes later, Officers, Plaintiff believed to be SWAT, arrived at Plaintiff's house and threw Plaintiff to the ground and handcuffed him.  The Officers had no legitimate reason to detain Plaintiff and the seizure was a violation of Plaintiff's Fourth Amendment Constitutional rights.  These Officers were acting in the scope of their duty.[2]

---

[2] Senate Bill 8 was signed by the Governor on July 8, 2020.  The new law, in part of Bill 8, at SECTION 1 C (3) "peace officer" means any full-time salaried or certified part-time salaried officer who by virtue of office or public employment is vested by law with the duty to maintain the public peace: and under SECTION 3. Section 41-4-12 NMSA 1978 (being Laws 1976, Chapter 58, Section 12, as amended) is amended to read: "41-4-12. LIABILITY--LAW ENFORCEMENT OFFICERS.-- The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, the independent tort of negligent spoliation of evidence or the independent tort of intentional spoliation of evidence, failure to comply with duties established pursuant to statute or law or any other deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. For purposes of this section, "law enforcement officer" means a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of or convicted of committing a crime, whether that duty extends to all crimes or is limited to specific crimes."

37. Plaintiff was told by the Officers not to look at the Officers' faces, and Plaintiff remained face down and handcuffed.

38. Plaintiff's wife and family friend witnessed the encounter.

39. A gun was also placed against the Wife's head and several Officers swarmed the area. Mr. Trujillo believes there were several officers present from DOC.

40. When Plaintiff asked why he was being detained and what was going on, he was told there were allegations of a person down the road discharging a weapon. The alleged witness indicated Plaintiff looked similar but advised the vehicle did not.

41. Plaintiff was assaulted and battered by the Defendant corrections officers throughout the incident. They were acting within the scope of their employment at the time.

42. The Plaintiff's children were present in the home, and the Defendants assaulted the Wife and family friend.

43. Defendant Corrections Officers had no basis to assault and batter the Plaintiff and or his family.

44. Defendants caused Plaintiff personal injury, including false imprisonment, violations of his civil rights, violations of human rights and violation of standard operating procedures.

45. As a direct and proximate result of the Defendants conduct set forth above, Plaintiff suffered physical injury, mental distress, fear, severe anxiety, harassment and emotional suffering.

46. Defendants' conduct was willful, wanton, malicious, and in utter disregard and

---

As the new law under NMSA 41-4-12 was already in effect, it should govern this matter as to the named officers herein.

indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

47. Plaintiff sent out a tort Claim letter to all interested parties on December 20, 2019.

48. On a previous occasion, after Plaintiff had been released from custody, Victor Turner, a NM Corrections Department STIU (Security Threat Intelligence Unit) officer showed up at Plaintiff's place of employment and harassed and followed Plaintiff and consistently filed disciplinary actions against Plaintiff.

49. Defendant Corrections Officers displayed deliberate indifference further deprived Plaintiff of his civil liberties by unduly and continued harassment of him. Specifically on or about January 29, 2019 Plaintiff was hired by Mister Car Wash. While at work, Plaintiff placed his back pack into a locker. During his shift, Plaintiff noticed Victor Turner, the STIU (Security Thereat Intelligence Unit) department, along with two other unknown corrections officers, present at the car wash. Later that day, and without permission, notice or reason, noticed the corrections officers went through his locker and backpack. This violated Plaintiff's right to privacy. Plaintiff felt threatened and assaulted by Officer Turner.

**COUNT 3 NEGLIGENCE BY ALL DEFENDANTS WITH REGARD TO PLAINTIFF**

50. Plaintiff hereby incorporates paragraphs 1-49 herein.

51. The collective acts of all Defendants caused Plaintiff to be unlawfully detained and his liberty seized.

52. As a direct and proximate result of the acts of Defendants, Plaintiff suffered damages which are incorporated herein.

53. Defendants CNMCF and NMCD were operating within the scope of their business.

*54.* Defendants are responsible for their own negligence, as well as the acts and omissions of its employees and agents, pursuant to the doctrines of agency and *respondeat superior.*

55. Defendants willfully, recklessly or negligently failed to provide Plaintiff with adequate standard of care and duty owed to inmates in New Mexico.

56. As a direct and proximate result of the negligent acts and omissions of Defendants, and its agents, employees, and staff, Plaintiff suffered physical and emotional damages, including physical injury, physical pain and suffering, invasion of bodily integrity, and severe psychological and emotional distress.

**COUNT 4 NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANTS**

57. Plaintiff hereby incorporates paragraphs 1-56 herein.

58. Defendants CNMCF and NMCD breached their standard of care and acted in a negligent manner toward Plaintiff, through one or more of the following acts or omissions:

   a. Failing to properly hire knowledgeable and proficient Corrections Officer and employees;

   b. Failing to hire well-qualified employees and supervisors; and

   c. Failing to provide adequate procedures and guidelines for supervision.

59. In addition, Defendants acted through their employees, agents, and supervisors, including but not limited to staff at Central New Mexico Correctional Facility and New Mexico Corrections Departments and the staff, as well as the other corrections officers, and are liable for their acts and omissions pursuant to the doctrine of respondeat superior.

60. The employees, agents, and staff of Defendants, including corrections officers named above failed to provide Plaintiff adequate services and acted below the standard of care by committing the following acts and omissions:

   a. Failing to properly and timely release Plaintiff from custody;

   b. Failing to appropriately supervise Plaintiff upon his release from custody; and

      c.    Failing to properly manage and monitor released inmates, as to prevent injury to Plaintiff.

61.    The acts and omission of Defendants and their employees, agents, and corrections officers and supervisors were a direct and proximate cause of damages to Plaintiff.

62.    As a direct and proximate result of the actions and omissions of Defendants, and its agents, employees, and corrections officers and supervisors, Plaintiff now suffers and will continue to suffer from physical and mental injuries, as well as a deprivation of his liberty and other United States Constitutional rights herein.

63.    Defendants CNMCF and NMCD, through their agents, employees, were required to use the ordinary care of a reasonable well-operated agency that would ensure that Plaintiff would receive that standard of care and supervision due him.

64.    At all times pertinent hereto, Defendants CNMCF and NMCD, through their employees and agents, were required to use the ordinary care of a reasonably prudent entity in hiring, credentialing, training, supervising and staffing, and in having policies and procedures in place to ensure that inmates at their facility and their supervision upon release, were not needlessly endangered.

65.    Defendants CNMCF and NMCD, through their employees and agents, intentionally, willfully, recklessly, or negligently did not use the ordinary care of a reasonably prudent entity by committing acts and omissions including the following:

      a.    Failing to properly administer and enforce the dates of release of an inmate;

      b.    Choosing not to have or enforce adequate policies and procedures relating to post release supervision of the inmates;

      c.    Choosing not to conduct adequate training of supervisors or staff to prevent

abusive or predatory conduct by staff;

d. Choosing not to adequately supervise to prevent abusive or predatory conduct by staff;

e. Choosing not to investigate or inadequately investigating the background of prospective and current staff and management;

f. Choosing not to train management and employees to properly investigate and address allegations of inappropriate care and supervision;

g. Choosing not to have or enforce adequate policies related to reporting, investigation and resolution of allegations of inappropriate conduct, abuse or inadequate care and or supervision;

h. Choosing not to take adequate steps to safely and fairly operate or maintain the facility.

66. Defendants CNMCF and NMCD are responsible for their own acts and omissions, as well as the acts and omissions of their employees and agents, pursuant to the doctrines of agency and respondeat superior.

67. As a direct and proximate result of the intentional, willful, reckless or negligent acts and omissions of Defendants, and their employees and agents, Plaintiff suffered physical and emotional damages, including physical injury, physical pain and suffering, and exposure to unsafe treatment, and severe psychological and emotional distress. In addition his liberty and other United States Constitutional rights, as listed above were breached and violated to his detriment and detainment.

68. Because the acts or omissions of these Defendants were willful, wanton or done in reckless disregard for Plaintiff's safety and the safety of all individuals working or incarcerated at

Defendants' facilities, these Defendants are subject to damages.

## COUNT 5 PLAINTIFF'S CLAIM FOR DAMAGES

69. Plaintiff hereby incorporates paragraphs 1-68 herein.

70. Defendants CNMCF and NMCD, and the Corrections Officers/Employees collectively failed to Plaintiff with adequate services while in custody to ensure he was timely released, and inadequate supervision upon his release.

71. As a direct and proximate cause of Defendants actions and or inactions, Plaintiff

72. Suffered physical and emotional damages, including physical injury, physical pain and suffering, harm to body, denial of competent and fair supervision, lack of privacy, violations of his civil liberties, violation of his United States Constitutional and States rights, as well as psychological and emotional distress.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests that he be awarded damages against all named Defendants in an amount to be proven at trial, costs, pre-judgment interest, post-judgment interest, attorney fees, and any and all other relief that the Court deems to be proper and appropriate.

Respectfully Submitted,

**TRUJILLO DODD, TORRES, O'BRIEN, SANCHEZ, LLC.**

_/s/ Donna Trujillo Dodd, For the Firm__
By: Donna Trujillo Dodd, For the Firm
Attorneys for Plaintiff
507 Roma Avenue NW
Albuquerque, NM 87102
(505) 245-7200

It is hereby certified that a copy of the foregoing Initial Disclosures were delivered via the CME/CF filing system on this 2nd day of October, 2020, to all counsel of record.

__/s/ Donna Trujillo Dodd, Esq.___
By:    Donna Trujillo Dodd, Esq.