IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARCOS TRUJILLO a/k/a MARCUS
TRUJILLO,

      Plaintiff,

    v.                                                                                          Civ. No. 20-792 SCY/JFR

CORRECTIONS EMPLOYEE VICTOR
TURNER, and ALBUQUERQUE POLICE
DEPARTMENT,

      Defendants.

## ORDER GRANTING MOTION TO DISMISS
## AND PERMITTING AMENDMENT

Plaintiff filed a Third Amended Complaint bringing claims against Albuquerque Police Department ("APD"). Doc. 76. APD entered a limited appearance for the purpose of filing a motion to dismiss arguing that it is not a proper entity to a lawsuit; APD is a department of the City of Albuquerque and not a separate, suable entity. Doc. 85. In response to the motion to dismiss, Plaintiff conclusorily asserts that APD is a properly named defendant, but offers no argument or authorities in support of this assertion. Doc. 87 at 3.

APD is not a suable entity. "The Tenth Circuit has stated that 'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992)). "[T]he United States District Court for the District of New Mexico has consistently held that the APD is not a suable entity." *Id*. (collecting cases). Accordingly, the Court grants APD's motion to dismiss the claims against it. In light of this dismissal, the Court QUASHES its Order to Show

Cause (Doc. 84) regarding service on APD.

"In the alternative," however, Plaintiff argues he "should be allowed, pursuant to Rule 15, to amend the name of the party from Albuquerque Police Department to City of Albuquerque." Doc. 87 at 3. Plaintiff argues this amendment would relate back to the filing of the original complaint. *Id.* at 3-4. In reply, APD does not argue that a complaint to substitute the City of Albuquerque as a defendant is improper or would not relate back. Instead, APD contends that any amendment to substitute a party would be futile, because the City of Albuquerque is not a "person" under 42 U.S.C. § 1983.

The Court will permit Plaintiff to amend the complaint to properly name the City of Albuquerque as a defendant. The City of Albuquerque, contrary to APD's contention, is a municipality and therefore a "person" under § 1983. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) ("municipalities and other local governmental bodies are 'persons' within the meaning of § 1983"). APD relies on case law that holds that a *state* is not a person, due to Eleventh Amendment immunity. Doc. 89 at 3 (citing *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); and *Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010)). The City of Albuquerque is a municipality and not an arm of the state. "Eleventh Amendment immunity extends to states and state entities but not to counties, municipalities, or other local government entities." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007). The City of Albuquerque is a proper defendant in a Section 1983 case.

Plaintiff shall file his Fourth Amended Complaint on the docket by July 25, 2022. Failure to file an amended complaint by this deadline may result in final judgment being entered against Plaintiff.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent